# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1900.

### William Harness v. Frank Lindley.

1. APPELLATE COURT PRACTICE—*Comparison of Signatures in Applications to Open Judgments by Confession.*—On an appeal from an order refusing an application to open a judgment by confession on a note and warrant of attorney on the ground that as to the applicant the same is a forgery, it is a proper practice to submit to the Appellate Court for comparison of signatures, the original signature to the note and warrant of attorney and the genuine signature to the affidavit of the applicant, in order that the court may have before it for consideration the same phases of the matter possessed by the trial judge.

**Application to Open a Judgment by Confession.**—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

JAMES L. LOAR and LAWRENCE & LAWRENCE, attorneys for appellant.

PENWELL & LINDLEY, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In the beginning this was a confession of judgment upon a note and warrant of attorney alleged to have been executed by appellant to Dr. J. W. S. Howell & Co., physicians in Chicago, and assigned to payee for a valuable consideration before maturity. Judgment was entered

(640)

Harness v. Lindley.

December 21, 1889, in vacation, for $235, and execution issued to McLean county, where appellant resides. Application to open the judgment and for leave to defend against the note was made June 30, 1900, which the court denied, and to reverse this order this appeal is brought.

The defense offered is that appellant did not sign the note and warrant of attorney, and the same is, as to him, a forgery. The facts disclosed by the affidavits in the record are that appellant denies that he signed the note when Howell swears positively that he did. When the attention of appellant was called to the matter soon after judgment was taken he did not deny that he signed the note and warrant of attorney. The delay in making the application is a circumstance to be considered, although, from the nature of the defense offered, not laches constituting a bar. The original signature to the note and warrant of attorney and the genuine signature of appellant to the affidavit in the record to open the judgment have been submitted to us for comparison, in order that we might have before us, for our consideration, the same phases of the matter possessed by the trial judge, which we think is proper practice. The application of appellant will be construed, under all facts and circumstances, against appellant (Chicago Fire Proofing Co. v. Park Nat. Bank, 145 Ill. 481), and it will therefore be presumed he made the best showing of which his case was susceptible. Upon the whole record we think the affidavits do not raise a reasonable doubt of the justness of the judgment, and no sufficient question was made requiring the court to submit it to a jury. If, from the facts shown, the court would be required to set the verdict aside, if it had been given to appellant—and such we think is the state of the record—it was not error for the court to refuse leave to defend, and the order of the Circuit Court will be affirmed.